E. MARTIN ESTRADA
United States Attorney
MACK JENKINS
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER BRUNWIN (Cal. Bar No. 158939)
Assistant United States Attorney
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4242
    Facsimile: (213) 894-3713
    E-mail:    Christopher.Brunwin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 03-1249(B)-DSF-4 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT EMILIO SANTIAGO BAUTISTA |
| v. | |
| EMILIO SANTIAGO BAUTISTA et al., | |
| Defendants. | |

1.   This constitutes the plea agreement between defendant Emilio Santiago Bautista ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

### DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

    a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the Second Superseding Indictment in <u>United States v. Arredondo, et al.,</u>

1  CR No. 03-1249(B)-DSF, which charge defendant with conspiracy to

2  distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and

3  841(b)(1)(A).

4         b.   Not contest facts agreed to in this agreement.

5         c.   Abide by all agreements regarding sentencing contained

6  in this agreement.

7         d.   Appear for all court appearances, surrender as ordered

8  for service of sentence, obey all conditions of any bond, and obey

9  any other ongoing court order in this matter.

10        e.   Not commit any crime; however, offenses that would be

11 excluded for sentencing purposes under United States Sentencing

12 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

13 within the scope of this agreement.

14        f.   Be truthful at all times with Pretrial Services, the

15 United States Probation Office, and the Court.

16        g.   Pay the applicable special assessments at or before

17 the time of sentencing unless defendant lacks the ability to pay and

18 prior to sentencing submits a completed financial statement on a form

19 to be provided by the USAO.

20                 THE USAO'S OBLIGATIONS

21 3.   The USAO agrees to:

22        a.   Not contest facts agreed to in this agreement.

23        b.   Abide by all agreements regarding sentencing contained

24 in this agreement.

25        c.   At the time of sentencing, move to dismiss any

26 remaining counts of the Second Superseding Indictment as against

27 defendant.  Defendant agrees, however, that at the time of sentencing

28 the Court may consider any dismissed charges in determining the

2

applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   Forego any enhancements to the otherwise applicable statutory mandatory minimum sentence pursuant to Title 21 of the United States Code, Section 851, or to dismiss charges filed pursuant to that provision, if filed prior to the entry of defendant's guilty pleas.

<u>NATURE OF THE OFFENSES</u>

4.   Defendant understands that, for defendant to be guilty of the crime charged in count one, that is, the conspiracy to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), the following must be true:

a.   Defendant entered an agreement with at least one other person to commit the crime of distribution of cocaine; and

b.   Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

In order for defendant to be subject to the statutory maximum and mandatory minimum sentences set forth herein for the violation charged in count one, the government must prove beyond a reasonable doubt that it was foreseeable to the defendant that the conspiracy of which he was a part involved the distribution of at least 5 kilograms

1  or more of a mixture or substance containing a detectable amount of

2  cocaine.

3      5.   Defendant admits that he is, in fact, guilty of the offense

4  charged and described in count one of the Second Superseding

5  Indictment and that the offense described in count one involved the

6  distribution of more than 5 kilograms of a mixture or substance

7  containing a detectable amount of cocaine.

8                              <u>PENALTIES</u>

9      6.   Defendant understands that the statutory maximum sentence

10  that the Court can impose for the violation of Title 21, United

11  States Code, Sections 846 and 841(a)(1), (b)(1)(A), is: imprisonment

12  for life; a lifetime period of supervised release; a fine of

13  $10,000,000, or twice the gross gain or gross loss resulting from the

14  offense, whichever is greatest; and a mandatory special assessment of

15  $100.

16      7.   Absent a finding that the facts of this case meet the

17  requirements of Section 5C1.2 of the Sentencing Guidelines and 18

18  U.S.C. § 3553(f)(1), the statutory mandatory minimum sentence that

19  the court must impose for the violations of Title 21, United States

20  Code, Sections 846 and 841(a)(1), (b)(1)(A) is 10 years'

21  imprisonment, a 5-year term of supervised release, and a mandatory

22  special assessment of $100.

23      8.   Defendant understands that supervised release is a period

24  of time following imprisonment during which defendant will be subject

25  to various restrictions and requirements.  Defendant understands that

26  if defendant violates one or more of the conditions of any supervised

27  release imposed, defendant may be returned to prison for all or part

28

1   of the term of supervised release authorized by statute for the

2   offense that resulted in the term of supervised releases.

3        9.   Defendant understands that, by pleading guilty, defendant

4   may be giving up valuable government benefits and valuable civic

5   rights, such as the right to vote, the right to possess a firearm,

6   the right to hold office, and the right to serve on a jury.

7   Defendant understands that, once the Court accepts defendant's guilty

8   pleas, it will be a federal felony for defendant to possess a firearm

9   or ammunition.  Defendant understands that the conviction in this

10  case may also subject defendant to various other collateral

11  consequences, including but not limited to revocation of probation,

12  parole, or supervised release in another case and suspension or

13  revocation of a professional license.  Defendant understands that

14  unanticipated collateral consequences will not serve as grounds to

15  withdraw defendant's guilty plea.

16       10.  Defendant understands that, if defendant is not a United

17  States citizen, the felony conviction in this case may subject

18  defendant to: removal, also known as deportation, which may, under

19  some circumstances, be mandatory; denial of citizenship; and denial

20  of admission to the United States in the future.  The Court cannot,

21  and defendant's attorney also may not be able to, advise defendant

22  fully regarding the immigration consequences of the felony conviction

23  in this case.  Defendant understands that unexpected immigration

24  consequences will not serve as grounds to withdraw defendant's guilty

25  plea.

26       11.  Defendant understands that under 21 U.S.C. § 862a,

27  defendant will not be eligible for assistance under state programs

28  funded under the Social Security Act or Federal Food Stamp Act or for

5

1  federal food stamp program benefits, and that any such benefits or

2  assistance received by defendant's family members will be reduced to

3  reflect defendant's ineligibility.

4                              FACTUAL BASIS

5        12.  Defendant admits that defendant is, in fact, guilty of the

6  offense to which defendant is agreeing to plead guilty.  Defendant

7  and the USAO agree to the statement of facts provided below and agree

8  that this statement of facts is sufficient to support the pleas of

9  guilty to the charges described in this agreement and to establish

10  the Sentencing Guidelines factors set forth in paragraph 14 below but

11  is not meant to be a complete recitation of all facts relevant to the

12  underlying criminal conduct or all facts known to either party that

13  relate to that conduct.

14        Defendant conspired with others to distribute more than 5

15  kilograms of cocaine.  Specifically, defendant arranged with co-

16  defendants Gabriel Silva Arredondo and Julio Andrade to distribute

17  approximately 6 kilograms of cocaine on August 14, 2003.  On

18  August 19, 2003, defendant arranged to deliver cocaine to a buyer in

19  Los Angeles, California, and defendant collected proceeds from the

20  sale of seven kilograms of cocaine.  October 30, 2003, co-defendant

21  Arredondo arranged to sell one kilogram of cocaine to co-defendant

22  Martha Guzman and directed this defendant to deliver the cocaine to

23  Guzman.  This defendant collected $14,300 from Guzman for the

24  cocaine.  This defendant then told Arredondo that he had delivered

25  the cocaine and collected the payment.  Defendant Bautista also told

26  Arredondo that there were six kilograms of cocaine at a residence on

27  West Saint Gertrude Place in Santa Ana.  On October 31, 2003, this

28  defendant delivered two kilograms of cocaine to co-defendant Manuel

1   Cervantes in Ontario, California and collected $28,100 from

2   Cervantes.  Defendant then told co-defendant Arredondo that he had

3   delivered the cocaine and collected the payment.  On November 10,

4   2003, defendant told Arredondo that law enforcement agents had seized

5   30 kilograms of cocaine that was associated with co-defendant Gil

6   Martinez.  On November 12, 2003, co-defendant Arredondo directed

7   defendant to meet with another co-defendant and co-conspirator at a

8   park near the West Saint Gertrude Place residence in Santa Ana, and

9   co-defendant Hugo Bautista informed Arredondo that defendant had

10  collected $14,000.

SENTENCING FACTORS

12       13.  Defendant understands that in determining defendant's

13  sentence, the Court is required to calculate the applicable

14  Sentencing Guidelines range and to consider that range, possible

15  departures under the Sentencing Guidelines, and the other sentencing

16  factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that

17  the Sentencing Guidelines are advisory only, that defendant cannot

18  have any expectation of receiving a sentence within the calculated

19  Sentencing Guidelines range, and that after considering the

20  Sentencing Guidelines and the other § 3553(a) factors, the Court will

21  be free to exercise its discretion to impose any sentence it finds

22  appropriate between the mandatory minimum and up to the maximum set

23  by statute for the crimes of conviction.

24       14.  Defendant and the USAO agree to the following applicable

25  Sentencing Guidelines factors:

26    Base Offense Level:              32        U.S.S.G. § 2D1.1(c)(4)

27

28

7

1    Defendant and the USAO reserve the right to argue that
2   additional specific offense characteristics, adjustments, and
3   departures under the Sentencing Guidelines are appropriate.
4   Defendant understands that defendant's offense level could be
5   increased if defendant is a career offender under U.S.S.G. §§ 4B1.1
6   and 4B1.2.  If defendant's offense level is so altered, defendant and
7   the USAO will not be bound by the agreement to Sentencing Guideline
8   factors set forth above.

9       15.  Defendant understands that there is no agreement as to
10  defendant's criminal history or criminal history category.

11      16.  Defendant and the USAO reserve the right to argue for a
12  sentence outside the sentencing range established by the Sentencing
13  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
14  (a)(2), (a)(3), (a)(6), and (a)(7).

15      17.  The parties further agree that: (1) the defendant did not
16  use violence of credible threats of violence or possess a firearm or
17  other dangerous weapon (or induce another participant to do so) in
18  connection with the offense; (2) the offense did not result in death
19  or serious bodily injury to any person; and (3) the defendant was not
20  an organizer, leader, manager, or supervisor of others in the
21  offense, as determined under the sentencing guidelines and was not
22  engaged in a continuing criminal enterprise, as defined in 21 U.S.C.
23  § 848.  The elements set forth at U.S.S.G. § 5C1.2 and 18 U.S.C.
24  §3553(f)(1), therefore, would be met if the defendant's criminal
25  history meets the conditions described in U.S.S.G. § 5C1.2(a)(1) and
26  defendant fulfills the requirement described at U.S.S.G. §
27  5C1.2(a)(5).  If all elements are met, then the relief described at

28

Section 5C1.2 and 18 U.S.C. § 3553(f)(1) and the decrease set forth at Section 2D1.1(b)(18) would be available.

### WAIVER OF CONSTITUTIONAL RIGHTS

18.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel – and if necessary have the Court appoint counsel – at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.  The right to confront and cross-examine witnesses against defendant.

f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.  Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

1              WAIVER OF APPEAL OF CONVICTION

2        19.  Defendant understands that, with the exception of an appeal

3   based on a claim that defendant's guilty pleas were involuntary, by

4   pleading guilty defendant is waiving and giving up any right to

5   appeal defendant's convictions on the offenses to which defendant is

6   pleading guilty.

7         LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

8        20.  Defendant agrees that, provided the Court imposes a total

9   term of imprisonment on all counts of conviction that is within the

10  Sentencing Guidelines range corresponding to an overall offense level

11  of 29 or less and subject to the mandatory minimum sentence described

12  at paragraph 9 herein, defendant gives up the right to appeal all of

13  the following: (a) the procedures and calculations used to determine

14  and impose any portion of the sentence; (b) the term of imprisonment

15  imposed by the Court; (c) the fine imposed by the Court, provided it

16  is within the statutory maximum; (d) the term of probation or

17  supervised release imposed by the Court, provided it is within the

18  statutory maximum; and (f) any of the following conditions of

19  probation or supervised release imposed by the Court: the conditions

20  set forth in Second Amended General Order 20-04 of this Court; the

21  drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and

22  3583(d); and the alcohol and drug use conditions authorized by 18

23  U.S.C. § 3563(b)(7).

24       21.  The USAO agrees that, provided (a) all portions of the

25  sentence are at or above the statutory minimum and at or below the

26  statutory maximum specified above and (b) the Court imposes a term of

27  imprisonment of not less than the applicable Guidelines range

28  corresponding to an overall offense level of 29 and the mandatory

1  minimum sentence described at paragraph 9, the USAO will give up its

2  right to appeal any portion of the sentence.

3                   RESULT OF WITHDRAWAL OF GUILTY PLEA

4      22.  Defendant agrees that if, after entering guilty pleas

5  pursuant to this agreement, defendant seeks to withdraw and succeeds

6  in withdrawing defendant's guilty pleas on any basis other than a

7  claim and finding that entry into this plea agreement was

8  involuntary, then (a) the USAO will be relieved of all of its

9  obligations under this agreement; (b) in any investigation, criminal

10 prosecution, or civil, administrative, or regulatory action,

11 defendant agrees that any information or statements related to his

12 plea and any evidence derived from any such information shall be

13 admissible against defendant, and defendant will not assert, and

14 hereby waives and gives up, any claim under the United States

15 Constitution, any statute, or any federal rule, that any Plea

16 Information or any evidence derived from any Plea Information should

17 be suppressed or is inadmissible.

18                   EFFECTIVE DATE OF AGREEMENT

19     23.  This agreement is effective upon signature and execution of

20 all required certifications by defendant, defendant's counsel, and an

21 Assistant United States Attorney.

22                      BREACH OF AGREEMENT

23     24.  Defendant agrees that if defendant, at any time after the

24 signature of this agreement and execution of all required

25 certifications by defendant, defendant's counsel, and an Assistant

26 United States Attorney, knowingly violates or fails to perform any of

27 defendant's obligations under this agreement ("a breach"), the USAO

28 may declare this agreement breached.  All of defendant's obligations

                                11

are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then:

a.   If defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas.

b.   The USAO will be free to criminally prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

25.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

### NO ADDITIONAL AGREEMENTS

28.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO

13

1  and defendant or defendant's attorney, and that no additional

2  promise, understanding, or agreement may be entered into unless in a

3  writing signed by all parties or on the record in court.

4           PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

5      29.  The parties agree that this agreement will be considered

6  part of the record of defendant's guilty plea hearing as if the

7  entire agreement had been read into the record of the proceeding.

8  AGREED AND ACCEPTED

9  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
10 CALIFORNIA

11 E. MARTIN ESTRADA
   United States Attorney
12

13 _____          4/9/24
                                               _____
14 CHRISTOPHER BRUNWIN                          Date
   Assistant United States Attorney
15 _____          4-9-2024
                                               _____
16 EMILIO SANTIAGO BAUTISTA                     Date
   Defendant
17 _____          04/09/2024
                                               _____
18 AMBROSIO RODRIGUEZ                            Date
   Attorney for Defendant EMILIO
   SANTIAGO BAUTISTA
19

20              CERTIFICATION OF DEFENDANT

21      I have read this agreement in its entirety.  I have had enough

22 time to review and consider this agreement, and I have carefully and

23 thoroughly discussed every part of it with my attorney.  I understand

24 the terms of this agreement, and I voluntarily agree to those terms.

25 I have discussed the evidence with my attorney, and my attorney has

26 advised me of my rights, of possible pretrial motions that might be

27 filed, of possible defenses that might be asserted either prior to or

28 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

                            14

of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____                    4-9-2024
EMILIO SANTIAGO BAUTISTA                               Date
Defendant


                    CERTIFICATION OF DEFENDANT'S ATTORNEY

        I am Emilio Santiago Bautista's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

                                    15

1  forth in this agreement is sufficient to support my client's entry of

2  guilty pleas pursuant to this agreement.

3

4  AMBROSIO RODRIGUEZ                    Date  04/09/24
   Attorney for Defendant EMILIO
5  SANTIAGO BAUTISTA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28